## NEW YORK COMMON PLEAS.

### Jonathan N. Havens agt. Christian Klein.

*The law of easements.*

An adjoining owner of lots has no right to close up his neighbor's rear
windows of his dwelling-house, although they open upon the owner's
rear yard, where the neighbor's house covers his entire lot.

*Equity Term, June,* 1875.

*Nelson, Smith & Leavitt,* for plaintiff.

Among cases just tried before chief justice Daly, at the
equity term of the common pleas, was an important one
involving the law of easements. The plaintiff, Jonathan N.
Havens, a lumber merchant, owned the French flat No. 125
East Fiftieth street, which was sixty feet west of Lexington
avenue, his lot being twenty feet wide by forty-nine feet deep,
and his house extending over the whole of the lot. The
defendant, Christian Klein, owned a house and lot on Lexing-
ton avenue, which was forty-nine feet north of Fiftieth street,
his lot being twenty feet wide by eighty feet deep, and his
house being sixty feet deep, so that the corners of the two
houses just touched each other, and Klein's yard, twenty feet
square, was just back of Havens' house. Havens' rear win-
dows, fifteen in number, looked out on Klein's yard; the
shutters opened out over Klein's yard, and in the angle of
the buildings were fire-escapes to each story, intended for the
use of each house, access being had through the windows of
each. In November last, Klein thought he would stop
Havens' tenants from looking into his back yard, and from

opening their shutters out over his land, and from getting any light and air into their back rooms. Perhaps the cooking of five breakfasts and five dinners every day so close to his property was offensive to his nostrils; and, perhaps, if he could do this, it would make Havens' property so worthless that he could buy it in for a small amount and then take away the obstructions, restoring the property to its original value and making a very nice little speculation. So he put up a scaffolding, forty-five feet high and twenty feet wide, on his own land, up against Haven's house, and nailed boards to it opposite each window, having first closed Havens' shutters, so that each window had a cap on, which fitted so tight and made Havens' rooms as dark as Erebus, that, although it was broad daylight, they might well be called nightcaps. Havens obtained an injunction restraining Klein from keeping the scaffolding up, and on Wednesday judge DALY rendered final judgment in Havens' favor, deciding that Havens has a right to light and air through his rear windows, and to open his shutters over Klein's yard, and to use the fire-escapes as occasion requires. Klein's attempt to speculate in real estate is not so far a success. He is entitled to the honor of being the first to discover a new way of "bearing" real estate, but it is likely to prove expensive. Not only does he have to pay his carpenter for putting up the scaffold, but also for tearing it down, as well as the costs of the action to compel him.